**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

DARYN STEWART,

    *Plaintiff,*

v.

UNIVERSITY CITY,

    *Defendant.*

)
)
)
)
)
)
)
)
)
)
)
)

No. 4:25-cv-00387-PLC

<u>**MEMORANDUM AND ORDER**</u>

Plaintiff Daryn Stewart, proceeding pro se, brings this employment-discrimination action against University City, Missouri. ECF 1. He moves for leave to proceed *in forma pauperis* and for the appointment of counsel. ECF 3, 2. Having reviewed the motion to proceed *in forma pauperis*, the Court finds that Stewart is unable to pay the costs associated with this action and therefore grants the motion. Nevertheless, for the reasons discussed below, the Court dismisses this action under 28 U.S.C. § 1915(e)(2)(B) and denies Stewart's motion for appointment of counsel as moot.

**I.    Background**

Stewart filed this action on the Court's standard employment-discrimination form. ECF 1. The first portion of that form instructs filers to select the basis of their lawsuit from the following options: Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Rehabilitation Act, or Other. *Id*. at 1–2. Stewart marked only Other and wrote "Harassment/Targeted." *Id*. at 2. Although Stewart alleges discrimination, he never identifies a specific protected characteristic. *Id*. at 5.

Stewart, a former employee of University City, alleges that he took photographs of another employee loading stolen equipment into a personal vehicle. *Id*. After Stewart

confronted a manager about the stolen items, a director allegedly started following him. *Id.* Stewart then requested a hearing with the City Manager. *Id.* He alleges he was terminated prior to the hearing. *Id.* For relief, Stewart seeks reinstatement and reimbursement for lost wages. *Id.* at 7.

## II.    Standard

Under 28 U.S.C. § 1915(e)(2), the Court shall dismiss a complaint filed *in forma pauperis* if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## III.    Discussion

Even liberally construed, Stewart's complaint fails to state a plausible federal employment-discrimination claim.

To state a claim under Title VII, the ADA, the ADEA, or the Rehabilitation Act, a plaintiff must allege facts permitting a reasonable inference that the employer took an adverse employment action because of a protected characteristic, or that the employer retaliated against the plaintiff for engaging in protected activity under the relevant statute. *See, e.g.*, *Grant v. City of Blytheville, Ark.*, 841 F.3d 767, 773 (8th Cir. 2016) (Title VII and ADEA); *Lindeman v. Saint Luke's Hosp. of Kansas City*, 899 F.3d 603, 605–06 (8th Cir. 2018) (ADA); *Tusing v. Des Moines Indep. Cmty. Sch. Dist.*, 639 F.3d 507, 516 (8th Cir. 2011) (ADEA); *M.P. ex rel. K. v. Indep. Sch. Dist. No. 721*, 326 F.3d 975, 981–82 (8th Cir. 2003) (Rehabilitation Act).

Stewart does neither. He does not identify a protected characteristic—such as race, sex, religion, national origin, disability, or age—nor does he allege that University City acted because of any such characteristic. Instead, Stewart asserts that he was terminated after

2

taking photographs of another employee stealing equipment and reporting the theft to management. Even accepting those allegations as true, they describe a workplace dispute arising from the reporting of suspected misconduct, not discrimination prohibited by the federal employment statutes.

Nor do the allegations plausibly support a statutory retaliation claim. The anti-retaliation provisions of Title VII, the ADA, the ADEA, and the Rehabilitation Act prohibit an employer from taking a materially adverse action against an employee because that employee engaged in protected activity. *See Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 352 (2013) (Title VII); *Stewart v. Indep. Sch. Dist. No. 196*, 481 F.3d 1034, 1042–43 (8th Cir. 2007) (ADEA and ADA); *Hill v. Walker*, 737 F.3d 1209, 1218 (8th Cir. 2013) (ADA and Rehabilitation Act). Stewart does not allege that he engaged in an activity protected by any of those statutes.

Because Stewart's allegations do not permit a reasonable inference that University City discriminated against him based on a protected characteristic or retaliated against him for engaging in protected activity under a federal employment statute, the complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

To the extent Stewart intends to assert any other federal claim, the Court finds that the complaint alleges no facts supporting a violation of the Constitution or any other federal statute.

## IV.    Conclusion

For the foregoing reasons, the Court grants Stewart's motion to proceed *in forma pauperis* and dismisses this action for failure to state a claim on which relief may be granted under § 1915(e)(2)(B)(ii). The Court denies Stewart's motion for appointment of counsel as moot.

Accordingly,

3

**IT IS HEREBY ORDERED** that Stewart's motion to proceed *in forma pauperis*, ECF 3, is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS FURTHER ORDERED** that Stewart's motion for appointment of counsel, ECF 2, is **DENIED** as moot.

An appropriate Order of Dismissal accompanies this Memorandum and Order.

Dated this 27th day of March, 2026.

_____

JOSHUA M. DIVINE
UNITED STATES DISTRICT JUDGE